Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1354-59

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

| | |
|---|---|
| **HYPEFORTYPE, LTD.** : | |
| : | __ CV _____ |
| Plaintiff, : | |
| : | |
| -against- : | **COMPLAINT** |
| : | |
| : | (Jury Trial Demanded) |
| **LAKESHIRTS, INC. d/b/a BLUE EIGHTY-FOUR** : | |
| **a/k/a BLUE 84,** : | |
| : | |
| Defendant. : | |

---------------------------------------------------------------- X

Plaintiff, HYPEFORTYPE, LTD. ("HFT" or "Plaintiff"), by and through its attorneys,

The Martinez Group PLLC, for its Complaint against Defendant LAKESHIRTS, INC. d/b/a

BLUE EIGHTY-FOUR a/k/a BLUE 84 (collectively, "Lakeshirts" or "Defendant"), hereby

alleges as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.      Plaintiff files this action against Defendant for Copyright Infringement under 17 U.S.C.

§ 501, et seq.

2.      This action is brought in response to a classic case of Copyright Infringement,

specifically, the unauthorized, commercial, for-profit use of infringing copies of

Plaintiff's copyrighted HEADLINED and HEADLINED SOLID typeface font software ("Font" or "Font Software").

3. Upon information and belief, Defendant created graphics for the "ESPN College GameDay" merchandise it makes and sells using infringing and unauthorized copies of Plaintiff's copyrighted Font Software.

4. Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to copyright owners who suffer damages by reason of such actions.

**JURISDICTION AND VENUE**

5. This is an action for Copyright Infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, et seq., seeking damages by reason of Defendant's ongoing infringement of Plaintiff's valid and subsisting copyright.

6. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and by way of the Court's supplemental jurisdiction.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 in that Defendant or Defendant's agents may be found in this District and, upon information and belief, Defendant transacts business in this District.

**THE PARTIES**

8. Plaintiff is a corporation formed under the laws of the United Kingdom with its principal place of business located at P.O. Box 4955, Calleywhite Lane Industrial Estate, Dronfield, S12 9DZ, United Kingdom.

9.      Plaintiff conducts business worldwide, in the United States, the State of New York, and the County of Kings via Plaintiff's commercial website at http://www.hypefortype.com and by way of authorized U.S. based distributors of Plaintiff's goods and services.

10.     Plaintiff designs, creates, publishes, and licenses for use to third parties, among other products and services, custom typeface font software.

11.     Plaintiff further provides typeface font software design, development, creation, publishing, and marketing services for third parties.

12.     Plaintiff offers its typeface font software for licensing to third parties directly by way of its e-commerce website and by way of the websites of authorized distributors of such software works.

13.     Defendant is a corporation formed under the laws of the State of Minnesota with a place of business at 750 Randolph Road, Detroit Lakes, Minnesota 56501.

14.     Upon information and belief, Defendant owns, controls, and conducts business on the Internet as Blue 84 and Blue Eighty-Four.

15.     Defendant is a designer and manufacturer of custom-designed apparel and stickers for schools and resorts.

16.     Defendant sells its products directly via its e-commerce website and by way of retailers of such goods.

17.     Upon information and belief, Defendant conducts business worldwide, in the United States, the State of New York, and the County of Kings by way of its website at http://www.blue84.com.

# FACTS COMMON TO ALL CLAIMS

18.     Plaintiff is engaged in the business of creating works of typographic art and graphic design as well as designing, creating, manufacturing, marketing, and licensing the use of customized typeface font software for others.

19.     Plaintiff licenses typeface font software fonts directly from its own e-commerce website at http://www.hypefortype.com and by way of authorized third party distributors of such goods.

20.     Plaintiff has at all times been the exclusive owner of all right, title, and interest in and to the Font Software.

21.     Plaintiff is the owner of the U.S. Copyright Registration Serial Number TX-8-260-880 (Computer Program for a HEADLINED Typeface Font) and U.S. Copyright Application Serial Number (Case Number) 1-4128426201 (Computer Program for a HEADLINED SOLID Typeface Font), showings of which are annexed hereto as Exhibit A.

22.     A showing of the designs embodied in Plaintiff's Font Software are annexed hereto as Exhibit B.

23.     Plaintiff's copyrights are valid and subsisting.

24.     Licenses to use Plaintiff's Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third party vendors of licenses to use such goods.

25.     Plaintiff controls the use of its Font Software by means of its various End User License Agreements ("EULA"), which specifically prohibit the uses complained of herein without the purchase of a special license.

26.     A copy of Plaintiff's basic Desktop EULA is annexed hereto as Exhibit C.

27.     Plaintiff has sold, continues to sell, and derives significant revenue from the sale of licenses to use its Font Software.

28.     Plaintiff requires a Special Font License upgrade for use of its typeface font software in commercial, for-profit uses including, *inter alia*, on goods for sale.

29.     Upon information and belief, Plaintiff's records show Defendant has failed to purchase any licenses to use its Font Software.

30.     Upon information and belief, Plaintiff's records further show that Defendant has not purchased the additional and required license upgrade to use the Font Software in the manners complained of herein.

31.     Upon information and belief, Defendant has not sought nor has Plaintiff granted any waiver of the obligation for the purchase of a license to undertake the actions complained of herein.


## DEFENDANT'S ACTIONS

32.     Upon information and belief, Defendant has used and/or caused others to use unauthorized and infringing copies of the Font Software in the creation of the graphics affixed to its "ESPN College GameDay" T-shirts, showings of which are annexed hereto as <u>Exhibit D</u>.

33.     Upon information and belief, the ESPN College GameDay T-shirts created by Defendant are available online via the Dick's Sporting Goods and Fanatics websites (See, <u>Exhibit D</u>).

34.     Upon information and belief, Defendant has used unauthorized and infringing copies or caused others to create and use unauthorized and infringing copies of the Plaintiff's

copyrighted font software for use in the creation of the graphics affixed to its "ESPN College GameDay" T-shirts and other goods sold via the websites of 128 National Collegiate Athletic Association colleges and universities, namely: Georgia State University; Georgia Institute of Technology; University of Hawaii at Manoa; University of Houston; University of Idaho; University of Illinois; Indiana University; University of Iowa; Iowa State University of Science and Technology; University of Kansas; Kansas State University; Kent State University; University of Kentucky; University of Louisiana; Louisiana Tech University; University of Louisiana at Monroe; University of Louisville; Louisiana State University; Marshall University in Huntington; West Virginia University; University of Maryland; University of Massachusetts; University of Memphis; Miami University—Oxford; University of Miami; Michigan State University; University of Michigan; Middle Tennessee State University; University of Minnesota; Mississippi State University; University of Missouri; United States Naval Academy; University of Nebraska—Lincoln; University of Nevada; University of New Mexico; New Mexico State University; North Carolina State University; University of North Carolina at Chapel Hill; University of North Texas; Northern Illinois University; Northwestern University; University of Notre Dame; Ohio University; The Ohio State University; University of Oklahoma; Oklahoma State University; Old Dominion University; University of Mississippi; University of Oregon; Oregon State University; Pennsylvania State University (Penn State); University of Pittsburgh; Purdue University; William Marsh Rice University; Rutgers University's New Brunswick; San Diego State University; San José State University; University of South Alabama; University of Southern California; University of South Carolina; University of South Florida; Southern Methodist

University; University of Southern Mississippi; Stanford University; Syracuse University; Texas Christian University; Temple University —Philadelphia; University of Tennessee; Texas A&M University; University of Texas; Texas State University; Texas Tech University; University of Texas at El Paso; University of Texas at San Antonio; University of Toledo; Troy University; Tulane University—New Orleans; University of Tulsa; The University of Central Florida; University of California—Los Angeles; University of Nevada—Las Vegas; Utah State University; University of Utah; Vanderbilt University; University of Virginia; Virginia Tech; Wake Forest University; University of Washington; Washington State University; Western Kentucky University; West Virginia University; Western Michigan University; University of Wisconsin—Madison; and the University of Wyoming.

35.     Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyright in and to the Font Software.

36.     At this time, it is not known whether Defendant has impermissibly received unauthorized and infringing copies of Plaintiff's copyright Font Software.

37.     At this time, it is not known whether Defendant has impermissibly transferred unauthorized and infringing copies of Plaintiff's copyrighted Font Software to any third parties, including to the 128 colleges and universities noted herein.

38.     The natural, probable, and foreseeable result of Defendant's wrongful conduct has and continues to be to deprive Plaintiff of the benefits and revenue from the sale of licenses to use the Font Software.

39.     The natural, probable, and foreseeable result of Defendant's wrongful conduct has and
        continues to be to injure Plaintiff's relationships with present and prospective customers
        who rely on the cachet that exclusive licensing creates in the Font Software.

40.     Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful
        use of its Font Software.

41.     If true, Plaintiff has lost and will continue to lose substantial revenue from Defendant's
        wrongful distribution of unauthorized and infringing copies of its Copyrighted Font
        Software.

42.     Defendant's wrongful conduct has deprived and will continue to deprive Plaintiff of
        opportunities for expanding the goodwill associated with the Font Software.

43.     Defendant has refused to cease and desist from infringing upon Plaintiff's valuable
        copyright despite demands for such action.


**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C.§ 501 et seq.**

44.     Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in
        Paragraphs 1 through 43, inclusive, and incorporates them herein by this reference.

45.     Upon information and belief, Defendant has used unauthorized and infringing copies or
        caused others to create unauthorized and infringing copies of the Plaintiff's copyrighted
        Font Software for use in the creation of graphics used on its "ESPN College GameDay"
        T-shirts sold, *inter alia*, Dick's Sporting Goods and the Fanatics sports apparel websites.

46.     By reason of the unauthorized and infringing uses complained of herein, Defendant has infringed and will continue to infringe Plaintiff's valuable copyright in and to Plaintiff's copyrighted Font Software.

47.     Defendant's actions represent a past and ongoing infringement of Plaintiff's copyright under 17 U.S.C. § 501, et seq.

48.     Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

49.     At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $150,000 per infringement together with prejudgment interest and reasonable costs and fees or Statutory Damages under Copyright Law, whichever is greater.

50.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1.     Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

        (a)     imitating, copying, distributing, or making unauthorized use of Plaintiff's registered copyrights, including the infringing uses of the Font Software complained of herein, and

(b) manufacturing, creating, producing, advertising, promoting, or displaying any products, displays, or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's copyrighted Font Software created by way of the use of Plaintiff's Font Software;

2. Direct that Defendant delivers for destruction at Defendant's expense, *inter alia*, all copies of the infringing works identified herein that bear or were created through the unauthorized use of Plaintiff's Font Software or a derivative version thereof, together with any and all computer files, hard drives, computer programs, solid state drives, disks, CD-ROMs and DVDs bearing unauthorized, derivative, and/or infringing copies of the Font Software, as well as any and all other recorded media, graphical representations, displays on the Internet, marketing materials, and merchandise in Defendant's possession or under its control that were created or that bear the result of the unauthorized use of Plaintiff's Font Software;

3. Direct the imposition of a constructive trust for all monies received by Defendant from all sales, license, payments, or other benefits received by reason of the unauthorized use of Plaintiff's Font Software;

4. Direct that Defendant be required to pay Plaintiff damages in the amount of $150,000 for all gains, profits, and advantages derived by Defendant through its unauthorized uses of Plaintiff's copyright together with prejudgment interest and reasonable costs and fees;

5. Direct that Defendant be required to pay to Plaintiff such other damages that it has sustained as a consequence of Defendant's unauthorized use of Plaintiff's Copyrighted Work;

6.      Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7.      Award Plaintiff the costs of this action together with prejudgment interest, reasonable costs, and attorneys' fees; and

8.      Award Plaintiff such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff HypeForType, Ltd. hereby demands a trial by jury.

Dated: <u>May 11, 2017</u>                                 Respectfully submitted,
                                                          THE MARTINEZ GROUP PLLC


                                      By:      <u>/Frank J. Martinez/</u>
                                               Frank J. Martinez (FJM-2149)
                                               *Attorney for Plaintiff*
                                               *HypeForType, Ltd.*

                                               THE MARTINEZ GROUP PLLC
                                               55 Poplar Street, Suite 1-D
                                               Brooklyn, New York 11201
                                               718.797.2341 Telephone
                                               FM@martinezgroup.com